Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>AESTHETICA MED SPA OF SAN DIEGO.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **'24CV2404 JES  DEB**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts

and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

6. Defendant Aesthetica Med Spa of San Diego. ("Defendant" or "Aesthetica") is a California corporation with a principal place of business in San Diego, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

*Plaintiff Tamara Williams is a professional photographer*

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account

1  @tamarawilliams (previously @tamarawilliams1), which has amassed over 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim,* and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

11. Williams is the sole creator and exclusive rights holder to a beauty photograph of model Christina Nadin ("Nadin Photograph").

12. Attached hereto as Exhibit A is a true and correct copy of the Nadin Photograph.

13. Williams registered the Nadin Photograph with the United States Copyright Office under Registration No. VA 2-116-920 with an effective date of registration of August 23, 2018.

14. Attached hereto as Exhibit B is a true and correct copy of Registration VA 2-116-920.

15. William is the sole creator and exclusive rights holder to a beauty photograph of a model named Cristina ("Cristina Photograph").

16. Attached hereto as Exhibit C is at true and correct copy of the Cristina Photograph.

17. Williams registered the Cristina Photograph with the United States Copyright Office under Registration No. VA 2-178-320.

18. Attached hereto as Exhibit D is a true and correct copy of the Registration VA 2-178-320.

19. The Cristina Photograph was initially published on Williams' own Instagram page and contained a watermark of Williams' Instagram username "@tamarawilliams1" ("Plaintiff's Watermark").

20. Attached hereto as Exhibit E is a true and correct screenshot of the Cristina Photograph as initially published by Plaintiff, including Plaintiff's

3
**COMPLAINT**

1 | Watermark.

2 | 21.   The Nadin Photograph and the Cristina Photograph shall collectively be
3 | referred to as the "Beauty Photographs".

### Defendant Aesthetica is a commercial business
### with online marketing

6 | 22.   Upon information and belief, Defendant is and was at all relevant times, the owner and operator of a commercial website https://www.aestheticamedspasd.com/ ("Defendant's Website").

9 | 23.   According to Defendant's Website, Aesthetica is a medical spa offering a variety of treatments, including but not limited to; botox; laser hair removal; coolsculpting; fillers; tattoo removal; and more. *See generally* https://www.aestheticamedspasd.com/.

13 | 24.   Aesthetica manages, operates, and controls an Instagram page, @aestheticamedspasd https://www.instagram.com/aestheticamedspasd ("Defendant's Instagram") which promotes Defendant's services and encourages users to make appointments with them to use their services.

17 | 25.   On information and belief, Defendant's Instagram generates content in order to promote Defendant(s)' products, attract social media followers and user traffic to Defendant's Website, and generate profit and revenue for the company and its owner(s).

21 | 26.   Specifically, Defendant's Instagram "Biography" section contains an active hyperlink that directs users to Defendant's Website, as well as telling users to "BOOK YOUR FREE CONSULT".

24 | 27.   At all relevant times, Defendant's Instagram was readily accessible to the general public throughout California, the United States, and the world.

26 | 28.   At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Website and Defendant's Instagram (including the activities alleged in this Complaint).

***Defendant's Infringing Conduct***

29. On or about June 5, 2022, Williams discovered her Nadin Photograph, published on Defendant's Instagram in a post captioned:

"Facial Symmetry has long been a basis for beauty. While we're not all born with balanced facial features, advances in medical aesthetics now give patients a more symmetrical appearance with the use of Dermal fillers and BOTOX. For the month of October, we're offering a special that will allow you to more easily achieve your aesthetic goals. Details below

Exclusive Package Special for Fillers this Fall. Plus for the month of October – when you book 3 areas of Botox, you get 50.00 OFF...come back in 3 months for your touch-up and get an ADDITIONAL 70.00 OFF the next 3 areas. text or call to save your spot! Offer is valid while appointments last!
- INCLUDES
- Juvederm
- Restylane
- RHA
– THE DETAILS
4 Syringe $2250 // you save $1200
5 Syringe $2600 // you save $1750
6 Syringe $2999 // you save $2200 ("Nadin Infringement")

30. Attached hereto as Exhibit F is a true and correct screenshot of the Nadin Photograph published to and displayed on Defendant's Instagram in the Nadin Infringement.

31. On or about June 5, 2022, Williams discovered her Cristina Photograph published on Defendant's Instagram in a post captioned:

"Let's talk PDO Lifts – PDO Thread Lifts place dissolvable sutures to lift and tighten the skin while gradually stalemating collagen growth for up to 4-9 months. This non-surgical procedure is used to treat mild to moderate wrinkles in the jowls, neck, cheeks, and other areas with sagging skin. PDO

Thread Lifts are known for restoring the v-shape of the face with 100% absorbable materials.

WHAT TO EXPECT

- Eliminates sagging skin
- Anti-aging benefits" ("Cristina Infringement").

32. Attached hereto as Exhibit G is a true and correct screenshot of the Cristina Photograph published to and displayed on Defendant's Instagram in the Cristina Infringement.

33. The Cristina Photograph as used by Defendant in the Cristina Infringement included Plaintiff's Watermark.

34. Attached hereto as Exhibit H is a true and correct screenshot of the Cristina Infringement, zoomed in to show where Plaintiff's Watermark was included.

35. The Nadine Infringement and the Cristina Infringement shall collectively be referred to as the "Infringing Posts".

36. Shortly after discovering the unauthorized use of the Beauty Photographs, Williams, through counsel, reached out to Defendant to resolve this matter without Court intervention, but the Defendant did not resolve to any of Plaintiff's contact attempts.

37. In no event did Williams consent to, authorize, or provide Defendant with a license to make a copy or publicly display the Beauty Photographs on Defendant's Instagram with the Infringing Posts or in any other manner.

38. Williams is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Beauty Photographs and caused it to be uploaded to and displayed on Defendant's Instagram.

39. Williams is informed and believes that the purpose of the use of the Beauty Photographs on Defendant's Instagram was to promote and encourage sales

of Defendant's products and services by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved by using Defendant's products and services.

40.  Specifically, Defendant used the Nadin Photograph to promote their Botox, Juvederm, and RHA treatments and promote a large sale of those products and services.

41.  Specifically, Defendant used the Cristina Photograph to promote PDO Thread Lifts, which is a service offered by Defendant and available for booking through the link in Defendant's Instagram biography section. *See generally* https://www.aestheticamedspasd.com/body-contouring/#pdo.

42.  Williams is informed and believes Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Williams' original and unique Photographs in order to acquire a direct financial benefit, through revenue from the sales of Defendant's products and services, from the use of the Beauty Photographs.

43.  On information and belief, Defendant's use of the Beauty Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photographs.

44.  Specifically, Defendant knew or should have known that the Beauty Photographs belonged to Plaintiff because Plaintiff's Watermark was affixed to the Cristina Photograph and Defendant did not purchase a license to use the Cristina Photograph but copied and displayed the Cristina Photograph on Defendant's Instagram despite notice of who owns the copyright in the Cristina Photograph.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

45.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize,

permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photographs.

46. Williams owns a valid copyright in the Beauty Photographs.

47. Williams registered the Beauty Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

48. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's rights in the copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photographs of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

49. Specifically, Defendant made an unauthorized copy and then publically displayed the Beauty Photographs with the Infringing Posts on Defendant's Instagram.

50. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

52. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

53. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendants infringed Williams' copyright interest in the

Beauty Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: December 20, 2024                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Williams hereby demands a trial by jury in the above matter.

Dated: December 20, 2024                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**COMPLAINT**